AUGUST HEIMERDINGER *v.* UNITED CIRCLE, DAUGHTERS OF REBECCA.

MICHAEL BUSCH v. SAME.

[Abstract Kentucky Law Reporter, Vol. 1—332.]

**Power of Corporation to Loan Money.**

> A corporation like the United Circle Daughters of Rebecca, having the right to deal in stocks, bonds and mortgages by way of invest-ment, has the right to loan its money and take notes secured by personal endorsement, and such notes are binding upon those who execute such notes.

APPEALS FROM JEFFERSON COURT OF COMMON PLEAS.

October 20, 1880.

OPINION BY JUDGE PRYOR:

It is admitted by the pleadings that the appellants obtained the money by loan from the appellee, and that no part of it has been paid by either the principals or their sureties. The defense is based on the ground that the corporation had no power to loan money.

The corporation has the right to deal in stocks, bonds and mort-gages for the purpose of securing their money by way of investment, and with the right to take a mortgage security and to buy bonds. A liberal and proper construction of the act ought not to defeat the re-covery when they have invested their money in a loan by note to these appellants and their sureties. At common law a bond was an obligation in writing, under seal, binding the party and his heirs to pay a certain sum of money, or binding the party without naming the heirs; and while the heirs would not be bound at common law in the latter case, still, the writing is a bond, and we see no reason why this writing in this case should be held void, when the instrument was made in good faith and by a corporation authorized to make invest-ments on mere personal obligations. No such defense should be al-lowed.

Judgment *affirmed.*

*S. Harney, for appellants. William Reinecke, for appellee.*